STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

May 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RUBY A. DEAN,**
**Claimant Below, Petitioner**

**vs.)  No. 11-0928**  (BOR Appeal No. 2045152)
                     (Claim No. 2010125343)

**MARSHALL UNIVERSITY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Ruby A. Dean, by Timothy P. Rosinsky, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Marshall University, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 12, 2011, in which the Board reversed a September 20, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 5, 2010, denial of Ms. Dean's request of compensability for bilateral cubital and carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.


Ms. Dean has been employed as part of Marshall University's administrative support staff for twenty-nine years. Her duties consist primarily of computer work. On October 1, 2009, Ms. Dean submitted a claim complaining that the ergonomically incorrect office conditions caused her to develop bilateral cubital and carpal tunnel syndrome. On February 22, 2010, Ms. Dean was examined by Dr. Bolano, who requested authorization for diagnostic testing to determine if she had cubital and carpal tunnel syndrome. Her claim was summarily rejected by the claims administrator before any additional diagnostic testing could be conducted, leading to this appeal.

The Office of Judges reversed the claims administrator's decision, finding that Ms. Dean had submitted a compensable claim. But the Office of Judges' Order was reversed and the claims administrator's decision was reinstated by the Board of Review. The Board of Review determined that, according to West Virginia Code of State Rules § 85-20-41.5 (2006), Ms. Dean's clerical duties did not place her in an occupation that had a high risk for developing carpal tunnel syndrome and she did not present sufficient evidence to show that her condition resulted from her employment.

The Order of the Board of Review is clearly the result of an erroneous interpretation of West Virginia Code of State Rules § 85-20-41.5. Although the regulation singles out certain occupations which are at a high risk for carpal tunnel syndrome, it does not preclude a clerical employee from proving her case for carpal tunnel syndrome.

Ms. Dean was not permitted to develop her claim. The record is not sufficient to determine whether the Ms. Dean has a compensable injury based on cubital or carpal tunnel syndrome. Ms. Dean was not permitted to undergo an electromyography (EMG) or any other testing recommended by Dr. Bolano, even though West Virginia Code of State Rules § 85-20-41.7(d)(2) (2006), specifically recommends use of an EMG test to diagnose carpal tunnel syndrome. West Virginia Code of State Rules § 85-1-10.1 (2009) permits the claims administrator to "require the production of additional evidence" where "a claim has not been adequately or properly developed for consideration." The claims administrator's decision on March 10, 2010, came prior to an exact diagnosis of Ms. Dean's condition and prevented her from properly developing the record. The Board of Review should have remanded Ms. Dean's claim for the production of additional evidence, including an EMG in accordance with the diagnostic recommendations of West Virginia Code of State Rules § 85-20-41.7(d)(2) (2006).

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed, and the case is remanded with instructions to require an electromyography (EMG) test and any additional testing sufficient to make a proper consideration of Ms. Dean's claim.

Reversed and Remanded.

**ISSUED:  May 14, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum, disqualified